THE STATE OF OHIO, APPELLEE, *v.* HAINBUCH, APPELLANT.

(No. 3970—Decided June 1, 1943.)

*Mr. Martin S. Dodd,* director of law, and *Mr. John J. McCarthy,* for appellee.

*Mr. J. W. Starritt,* for appellant.

LLOYD, J.   Hainbuch was tried and found guilty in the Municipal Court of Toledo on a charge of operating, on November 2, 1942, an automobile on Sherman street in Toledo, while under the influence of intoxicating liquor.

From the judgment of sentence imposed, he appealed to the Court of Common Pleas. From the affirmance by that court of the judgment, he now appeals to this court on questions of law.

The complaining witness, Marion Duhart, had been in Detroit. A cousin accompanied him. Upon their return to Toledo they first stopped at "Stanley's" on

Indiana avenue located in a quite distant and opposite part of the city from Stickney avenue where the cousin lived. There Duhart "picked up" two boys and while on his way to take his cousin home collided in the 900 block of Sherman street with an automobile operated by Hainbuch.

Duhart testified that after the collision Hainbuch got out of his car and "laid up side of the car, leaning one side up against the car * * * the crowd came around and he gets back into the car and attempted to pull away. I took the keys out of the transmission," and gave them to the police "after they came." He said he was not close enough to Hainbuch to detect an odor of liquor.

A police officer who arrived at the scene of the collision about 1:25 or 1:30 a. m. on Monday said he inquired of Hainbuch whether he had been drinking and that Hainbuch replied "that he had a lot of beer, and then, he had but four or five beers. I noticed his clothes were mussed and he staggered when he went around from the front of the car to the rear. * * * There was an odor of alcohol. * * * His speech was slurred and he talked in a moaning tone of voice. I inquired as to when he was drinking. Just had three beers to drink, that was about the only conversation I had with him." His opinion that Hainbuch was under the influence of liquor was based on the fact that he was staggering, his speech and his general appearance.

The other police officer testified "that Hainbuch staggered and leaned against the car for support" and that he "spoke with difficulty, had difficulty in getting words out of his throat * * * I smelled liquor on his breath." He said Hainbuch "admitted having four or five beers" and in his opinion was under the influence of liquor.

None of the occupants of the Duhart automobile except himself, testified.

The foregoing summarizes the evidence produced in behalf of the state insofar as it relates to the alleged offense for which Hainbuch was being tried.

A police officer testified that Hainbuch, whom he had known for ten years, is a "machinist by trade, works every day, is single and lives on Bancroft street"; that "one time in a restaurant he got up on a chair, happened to be one morning he was going to work, and he fell down. I said 'That guy ain't drunk, just his bad legs.' I think they call him trench feet"; that he staggers when he walks and is called "rubber legs"; that it started from exposure in the World War; and that Hainbuch had been thus afflicted for the ten years he had known him.

Another witness testified that he had known Hainbuch four or five years; that Hainbuch had bad feet, and the way he walked you would think he was drunk if you did not know his condition. This witness, a Mr. Stattler, with his wife, were at the "Ace of Clubs" on Cherry street on the Sunday night preceding the collision, where they saw Hainbuch. They left there, between 11:30 and 12:00, and got home shortly after 12:00. Hainbuch drove them to their home, 812 Erie street, in his coupe. Stattler said Hainbuch "had a bottle of beer with us," but it was 3.2 beer, all you can get on Sunday; that he never saw Frank drunk, and that he was not intoxicated when he drove them home.

Mrs. Stattler testified that she had known Hainbuch "quite a while"; that "he has very bad feet and legs" and "kind of wobbles when he walks" and is nicknamed "rubber legs." "He had one bottle of beer with us," 3.2 beer; that after they waited about 45 minutes for a cab, he offered to take them home; that there was nothing unusual in his appearance or in the way he drove his car; and that he was not intoxicated.

The manager of the "Ace of Clubs" testified that "Frank had two or three glasses of 3.2 beer * * * not over three or four glasses of beer at the most" and

left before midnight; that he had never seen him under the influence of intoxicating liquor; that he was not intoxicated; that "they nicknamed him rubber legs"; and that "I have seen him when he fell on the floor."

A bartender at the cafe testified that he had known him for about three years; that he was not intoxicated when he left the cafe; and that his nickname was "rubber legs." He said: "I seen him fall, I thought that was on account of his limbs, but in the morning or evening he had to hold onto something to walk."

Hainbuch testified as to taking Mr. and Mrs. Stattler home and that he had drunk nothing except 3.2 beer. He said: "I didn't drink very many. I don't like 3.2 beer. Maybe four or five bottles * * *. When I get four bottles, I blow up like a balloon."

As to the condition of his legs, Hainbuch testified that "It was from the effects of sleeping out in the rainy, nasty weather in France" and that he has suffered from exposure ever since. He said that after the collision "I could not do much of anything. They seemed like a wild bunch. There was a bunch of three boys, had me scared to death, one approached me and took my keys away. * * * They were running around and wouldn't let me out of the car until the officers came. I wasn't intoxicated and didn't stop any place after taking the Stattlers home."

At the time of the collision Hainbuch was on his way to his home, "14th and Bancroft." His story of the cause of the collision is in conflict with that of Duhart.

The foregoing is the evidence produced in behalf of the defendant. The state offered no evidence in rebuttal thereof:

The burden of proof required the state to prove the guilt of the defendant beyond a reasonable doubt. Testimony that the breath of the accused smelled of liquor is not alone sufficient proof that he was intoxicated.

*Mormile* v. *Cleveland; Klan* v. *State;* and *Phelan* v. *Cleveland,* unofficially reported in 8 Ohio Law Abs., at pages 229, 365 and 367, respectively. See, also, *Critzer* v. *Donovan,* 289 Pa. St., 381, 385, 137 A., 665.

The defendant, appellant, asks that the judgment "be reversed for the reason that the conviction is manifestly against the weight of the evidence." If there is any basis for the judgment it unquestionably is manifestly against the weight of the evidence. The judgment is reversed and the cause is remanded to the Municipal Court of Toledo for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER and STUART, JJ., concur.