**People of the State of Illinois, Plaintiff-Appellee, v. August Galan, Defendant-Appellant.**

**Gen. No. 53,300.**

First District, Third Division.

· May 1, 1969.

Sherman, Schachtman & Stein, of Chicago (Albert Brooks Friedman, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant was tried in a bench trial and convicted of gambling under a statute reading: "A person commits gambling when he . . . knowingly owns or possesses any book, instrument or apparatus by means of which bets or wagers have been, or are, recorded or registered." Ill Rev Stats (1967), c 38, § 28–1(a)(5).

In January 1968, police raided a room in Chicago and found the defendant submerging a stack of soluble paper in a bathtub. The only exhibit introduced into evidence noted the name of a racetrack, the numbers of three races and the number of one horse in each race. It contained nothing else. The arresting officer, who was stipulated to be an expert on gambling, gave his opinion that the marks on the exhibit indicated records of horse race wagers. He further testified, however, that there was no notation on the exhibit which was the actual record of a bet and that the symbols which would normally refer to bets were not present. The sum total of his testimony was that the paper salvaged from the

bathtub was the type used for recording bets but that it bore no evidence of such bets.

The defendant's sole complaint is that the State's evidence was insufficient to prove his guilt. The offense of which the defendant was found guilty is the knowing possession of wagering instruments by means of which bets have been or are recorded. The offense is not the possession of instruments by means of which bets might have been or could be recorded. The State must establish beyond a reasonable doubt the essential elements of the statutory offense. People v. Sanford, 24 Ill2d 365, 181 NE2d 118 (1962). Circumstantial evidence has the same validity and weight in gambling cases as in other offenses (Ill Rev Stats (1967), c 38, § 28–1 (d)) but the evidence must prove commission of the offense beyond a reasonable doubt.

The State attempted to prove the defendant guilty by evidence of an effort to dispose of instruments which the gambling community utilizes to record wagers. This was insufficient to prove an essential element of the crime: that wagers had been or were recorded on the instruments seized.

The State's evidence creates the suspicion, indeed the probability, that the defendant was engaging in illegal gambling activities. Possession of soluble paper indicates anticipation of police raids and preparation for the quick disposal of incriminating evidence. The immersion of the paper suggests that it may have contained recordings of bets which were dissolved before seizure. But these suspicious circumstances, while of probative value, cannot substitute for proof that the paper was being or had been used for recording bets. Suspicions and probabilities are not enough to convict, and the conviction must be reversed. People v. Jackson, 23 Ill2d 360, 178 NE2d 320 (1961).

To support the conviction, the State cites People v. Davis, 34 Ill2d 38, 213 NE2d 531 (1966). In Davis,

100

police apprehended the defendants after observing them attempt to dispose of sheets of paper for recording horse race bets, and further answered phone calls in the defendants' room from persons placing bets. Conviction was obtained, and upheld on review, under the 1961 statute providing: "A person commits gambling when he . . . uses or keeps any book, instrument or apparatus for the purpose of recording or registering bets or wagers. . . ." Ill Rev Stats (1961), c 38, § 28-1(a)(5). The evidence there supported the conclusion that the paper sheets were "for the purpose of recording or registering bets or wagers." The statute has subsequently been amended to specify instruments by means of which bets "have been or are" registered and it is on this element that evidence in the case at bar fails.

The judgment is reversed.

Reversed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.