**People of the State of Illinois, Plaintiff-Appellee, v. Robert Clark, Defendant-Appellant.**

Gen. No. 54,026.

First District, Fourth Division.

March 25, 1970.

J. Tobias Dixon, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Francis X. Riley, Special Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

In the First Municipal District of the Circuit Court of Cook County, defendant was charged with (1) running a red light while operating his vehicle and (2) driving while under the influence of intoxicating liquor. November 20, 1968, he waived trial by jury. He was acquitted

of the first charge but convicted of the second. Thereafter, defendant made a motion for a new trial. The motion was sustained.

February 28, 1969, defendant again waived trial by jury. He was found guilty of driving while under the influence of intoxicating liquor. His driver's license was revoked pursuant to statute; and the court imposed a fine of $100 and $5 costs. Defendant appeals. Although he urges two grounds for reversal, we will discuss only the contention that defendant was not proven guilty beyond a reasonable doubt.

On May 21, 1968, at about 12:05 a. m., Arthur Davis was driving his automobile in a northerly direction on South Cottage Grove Avenue approaching the intersection of East 76th Street, Chicago. Slightly ahead of him, on the curb lane, and going the same direction, was an automobile driven by Fred Rogers. When Davis reached the intersection, defendant, driving a Volkswagen east on 76th Street, struck Davis' automobile, causing it to collide with the left front fender of the automobile driven by Rogers. Defendant's head crashed through the windshield of his car and he was knocked unconscious. He had blood on his head and on his face. Because of his condition, neither Davis nor Rogers was able to speak with him.

Aided by a nurse, two firemen took defendant from his car, put him on a stretcher and by an ambulance carried him to the Jackson Park Hospital a few blocks away. There he was carried by the firemen into an emergency room and placed on a hospital table. He was treated for injuries which required sutures on his chin and on his chest. Defendant remained at the hospital approximately a half hour. He was then taken into custody by Officer Thomas McDonald, who issued the two complaints.

At defendant's trial, McDonald testified that when he arrived at the scene of the accident he went to defend-

ant's car but he could not arouse him. McDonald said that when he tried to get defendant out of the car "[I] smelled the strong odor of alcohol on his breath." McDonald described defendant's attitude at the hospital as "combative" and he was using "profanity." None of the ordinary tests for sobriety were given defendant. However, McDonald said that about 1:00 a. m. at the hospital, defendant's "[b]alance was unsure—Walking was stumbling. His turning is swaying. Finger to nose test, he did not perform at the hospital. His speech was thick tongued." McDonald a 22-year police veteran who "[h]ad occasion to view many people under the influence of liquor, . . ." gave the opinion that defendant "[w]as under the influence of alcoholic beverages . . . ." Although Davis and Rogers were at the scene of the accident, and they were close enough to defendant to observe that he was unconscious, they were not asked, nor did they furnish any testimony that touched on the question of defendant's intoxication. Thus, McDonald was the only witness who furnished evidence to establish the corpus delicti of the charge against defendant.

At the scene of the accident, McDonald said that he made two observations: (1) there was a strong odor of alcohol on defendant's breath and (2) defendant's clothing was orderly. This evidence has to be weighed against defendant's assertion that prior to the accident he had not consumed any alcoholic beverage. McDonald's testimony that the breath of the accused smelled of liquor, standing alone, is not sufficient proof that defendant was intoxicated. State v. Hainbuch, 74 Ohio App 193, 57 NE2d 940 (1943). See, Critzer v. Donovan, 289 Pa 381, 137 A 665 (1927).

The State argues, however, that there is more in evidence than the product of McDonald's sense of smell. At the hospital, apparently during administra-

tion of medical treatment, McDonald observed that defendant's balance was "unsure," his walk was "stumbling," in turning he was "swaying"; and that defendant's speech was "thick tongued." In our judgment, McDonald's testimony in this regard was materially impaired by defendant's physical condition. He was seen by two witnesses unconscious at the wheel of his automobile. His head had crashed through a windshield. He had blood on his face, on his head; and he had to be carried to a hospital on a stretcher. Defendant's injuries required sutures on his chin and on his chest. Thus, description of his conduct as "unsure," "stumbling," "swaying," or "thick tongued" does not rationally support a charge of intoxication. It was the burden of the State to prove beyond a reasonable doubt that defendant, at the time in question, drove his automobile while under the influence of intoxicating liquor. People v. Foster, 114 Ill App2d 357, 252 NE2d 722.

Evidence in the record does not meet the State's burden of proof. Instead, defendant's conviction rests on evidence so unsatisfactory that it raises a reasonable doubt of his guilt. Under these circumstances we will reverse. People v. Anderson, 30 Ill2d 413, 197 NE2d 24; People v. Quintana, 91 Ill App2d 95, 234 NE2d 406. Judgment is reversed.

Judgment reversed.

DRUCKER and ENGLISH, JJ., concur.