THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES M. WALLACE, Defendant-Appellant.

(No. 54358;

First District—June 3, 1971.

Henry A. Gentile, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (John A. Gibaitis, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant, James Wallace, was tried by the court and convicted of driving a motor vehicle while under the influence of intoxicating liquor in violation of section 47 of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1967, ch. 95½, par. 144 (a).) He was fined $100.00 and ordered to pay $5.00 costs. The dispositive issue is whether he was proven guilty beyond a reasonable doubt.

About 11:00 P.M. on February 7, 1969, a police officer came upon a stalled and badly damaged automobile near Routes 7 and 83 Palos Township, Cook County. The car was unoccupied but there were fresh blood stains on the inside. As the officer continued his examination he observed Wallace walking toward the car. Blood was streaming down his face and he swayed and staggered as he walked. The officer noticed an odor of alcohol on his breath. Based upon these observations, the officer was of the opinion that Wallace, who said he owned and operated the car, was under the influence of liquor.

Wallace was employed at the Argonne National Laboratories. He left work about 8:00 P.M. and drove his car only a short distance when it went out of control and struck a tree. His head was injured and the front end of his car was extensively damaged. Despite this, he managed to drive the automobile for several miles. As he neared the intersection of Route 7 and Route 83 the motor failed and the car would go no farther. He then walked to a restaurant some three hundred feet away to telephone his wife and ask her to come to his aid. While waiting for her to arrive, he drank some beer. He saw the revolving light on the police car, left the restaurant and walked towards his auto, at which point he was approached by the officer.

When Mrs. Wallace arrived at the scene, she saw her husband holding his head with his hands in an attempt to stem the flow of blood. She suggested that he should be taken to a hospital but the officer ordered her and her husband to follow him to the police station, where he charged Wallace with driving while under the influence of liquor. Mrs. Wallace and a man who accompanied her to the scene testified that in their opinion Wallace was not under the influence of intoxicating liquor.

■■ Paragraph 144 (a), chapter 95½, Ill. Rev Stat. 1967, provides: "No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State." In a prosecution for drunken driving, the burden is upon the State to establish beyond a reasonable doubt that the defendant drove the motor vehicle at the time alleged and that he was under the influence of intoxicating liquor while driving. *People v. Clark* (1970), 123 Ill.App.2d 41, 259 N.E.2d 636; *People v. Wells* (1968), 103 Ill.App.2d 128, 243 N.E.2d 427,

No sobriety tests were given Wallace and the only evidence produced by the State to support the charge was the testimony of the police officer who smelled alcohol on his breath and saw him stagger from the restaurant. Such testimony raises a suspicion that he may have been guilty but it is not sufficient to sustain the charge.

■■ No evidence was introduced to contradict Wallace's testimony that his auto was damaged because it went out of control and smashed into a tree. The passage of much of the three-hour period, from the time he left work until the time he was taken into custody by the police officer, was explained by this accident and the damage resulting from it. His swaying when he approached his auto after leaving the restaurant could have resulted from the injury to his head and the loss of blood from this wound. The odor of alcohol could have been due to the beer he drank while waiting for his wife and not from liquor consumed by him before his car ceased operating—which apparently was the conclusion of the State and trial court. The trial court's further conclusion that Wallace had been drinking while at work was unsupported by evidence and is mere speculation in which this court cannot indulge.

■■ Suspicions and probabilities are not enough to convict. (*People v. Jackson* (1961), 23 Ill.2d 360, 178 N.E.2d 320; *People v. Galan* (1969), 110 Ill.App.2d 98, 249 N.E.2d 118.) The State failed to prove the defendant's guilt beyond a reasonable doubt and his conviction will be set aside.

Judgment reversed.

McNAMARA, P. J., and McGLOON, J., concur.