THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HYMAN URITZ, Defendant-Appellant.

(No. 54386;

First District—July 14, 1971.

*Rehearing denied September 9, 1971.*

Shearman, Schachtman & Stein, of Chicago, (Jack G. Stein, Albert Brooks Friedman, and Gerald Nussbaum, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

After a trial without a jury the defendant was found guilty of knowingly possessing books or instruments by means of which bets have been or are recorded in violation of the statute. (Ill. Rev. Stat. 1969, ch. 38, sec. 28—1 (a) (5).) He was fined $200. On appeal he contends that he was not proven guilty beyond a reasonable doubt. The facts follow.

Defendant was arrested by Officer Richard Shiners on August 28, 1968 and charged with the commission of illegal gambling activities. Shiners, dressed in civilian clothes, entered the public lobby of a building at 30 West Lake Street in the City of Chicago and observed defendant operating a cigar stand there. Shiners testified at the trial that he saw the defendant have several conversations with men in the lobby and that after each conversation the men would hand him a slip of paper and money and that defendant would place the money in his pocket and leave the building through an annex, returning a few minutes later. In addition to those transactions Shiners observed the defendant frequently answer two wall phones in the lobby. After viewing those activities for approximately two hours Shiners decided to follow the defendant, who was carrying a slip of paper in his hand, through the annex. He followed the defendant closely and saw him deposit the paper in an open cigar box on a shelf just outside the door of the annex. He testified that he was close enough to the defendant to read the notations on the paper after defendant placed it in the cigar box and that he thereby determined that the slip of paper was the record of an illegal betting transaction. The defendant was immediately placed under arrest and the contents of the cigar box seized.

Officer Shiners testified that in his opinion the slips of paper found in the cigar box were records of illegal bets. He was an experienced police officer and had been working in the gambling unit for more than a year and his expert testimony in that regard was offered to establish an essential element in the State's case. Upon examination by the court, however, Shiners was unable to provide positive testimony as to the meaning of the words and numbers written on the slips of paper seized. While the court was examining the papers the following colloquy took place:

"THE COURT: What is the bet?

OFFICER SHINERS: Four and two, four and two, four and two.

THE COURT: What's the next four and two, four and two?

OFFICER SHINERS: That would be on the second horse.

THE COURT: Here, you got four and two, that would be the first one?

OFFICER SHINERS: Right.

THE COURT: What about the 424, that would be the second one?

OFFICER SHINERS: Four two times, your Honor.

THE COURT: What does that mean, two times?

OFFICER SHINERS: He's betting it twice.

DEFENSE COUNSEL: You're assuming that.

OFFICER SHINERS: I am assuming.

THE COURT: That isn't the usual and customary slip?

OFFICER SHINERS: Some are strange, your Honor."

In *People v. Galan*, 110 Ill.App.2d 98, 249 N.E.2d 118, it was held that the State failed to prove the defendant guilty of engaging in illegal gambling activities by establishing only that he was arrested while submerging a stack of soluble paper in a bathtub which when retrieved by the police contained the name of a racetrack, the numbers of three races, the number of one horse in each race, but not the amount bet. The court held that while the evidence created the suspicion, even the probability, that the defendant was engaging in illegal gambling activities, suspicions and probabilities are not enough to convict. In the instant case the State's case rested on Officer Shiner's testimony as to the significance of the notations appearing on the papers seized. While he expressed the opinion that they were records of illegal bets, upon examination by the court as to the basis for that conclusion, he was not able to provide an intelligible explanation of the words and numbers recorded. The rather cryptic statements attributed to him in the record do not enlighten this court as to the significance of the writing which appears on the papers.

In the *Galan* case, *supra,* a gambling conviction was reversed because the State, in failing to prove that a bet had actually been recorded, failed to establish an essential element of the offense with which the defendant was charged. In the case now before us Officer Shiners admittedly *assumed* that certain notations represented amounts bet. An alleged betting slip itself was characterized by him as "strange." This does not cure the Alice in Wonderland-like testimony he gave with respect to the notations appearing on the slips. Shiner's assumptions are never adequately explained and are not sufficient to establish the defendant's guilt beyond all reasonable doubt. Accordingly the judgment must be reversed.

Judgment reversed.

BURMAN and DIERINGER, JJ., concur.