THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST L. BENOIT, Defendant-Appellant.

(No. 56268; ▮▮▮▮▮▮▮▮▮▮▮

First District—July 31, 1972.

D. Adolphus Rivers, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and S. Paul Naselli, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty at a bench trial of the operation of a motor vehicle while under the influence of intoxicating liquor, and received a fine of $100 and costs. He appeals.

On January 7, 1971, an automobile operated by the defendant was involved in a collision with an automobile operated by Mr. Anthony Lowery, near 91st Street and Michigan Avenue in Chicago. Mr. Lowery summoned the Chicago Police with regard to the mishap, and after investigation by Officer Joseph Palmer, defendant was issued traffic citations for (1) driving while under the influence of intoxicating liquor, (2) driving too fast for conditions, and (3) driving to the left of center.

Officer Palmer testified at trial that upon his arrival at the scene of the mishap at about 5:30 P.M. on the day in question he detected a strong odor of alcohol on the defendant's breath, that defendant walked in a swaying manner, that his speech was slurred, and that defendant

refused to take any form of test relating to intoxication. The officer further testified that the defendant's facial color was normal, his attitude cooperative, his eyes watery, and his clothing orderly but soiled. The police report also related that the officer had observed "no unusual actions" on defendant's part. The officer testified that he ordered the defendant to ride in the police vehicle to the police station, and that while in the station the defendant fell asleep and it was difficult to awaken him. The officer also testified that he was on the police force for a period of seventeen years, and that he had occasion to observe three or four hundred persons under the influence of intoxicating liquor. The officer was of the opinion that the defendant was under the influence of intoxicating liquor at the time of the mishap.

The defendant testified in his own behalf that he had finished a ten-hour work day as a mail carrier for the United States Post Office Department at 4:30 P.M. on January 7, 1971, and that he had been so employed for a period of twenty years. He stated that the outside temperature during the day in question was about twenty degrees. While driving home from work he observed a friend, Earl Branch, waiting for a bus at 83rd Street and Cottage Grove Avenue and he stopped his vehicle and offered Mr. Branch a ride home. While enroute to Mr. Branch's home the collision occurred, which the defendant termed "unavoidable" due to the narrowness of the street upon which the vehicles were traveling and to the icy condition of the pavement. He further stated that he had nothing alcoholic to drink prior to the mishap, that his speech was slurred because of poorly fitting dentures, and that he fell asleep in the police station because he normally falls asleep when he comes indoors from the cold. Defendant stated that at the time of the mishap he was in complete control of his physical and mental faculties, as well as of his automobile, except for the fact of the icy condition of the pavement, and that he was not under the influence of intoxicating liquor at the time of the mishap.

Mr. Earl Branch testified that he was a retired railroad employee with over forty-four years of service and that on January 7, 1971, he was waiting for a bus at 83rd Street and Cottage Grove Avenue when the defendant drove up and offered to drive the witness to his home, located at 238 West 90th Place. Mr. Branch testified that he detected no odor of alcohol emanating from the defendant during the ride prior to the accident, that the windows of the automobile were closed due to the cold outside, and that if the defendant had been drinking the witness would not have ridden with him. Mr. Branch testified that in the years that he had known the defendant, the latter's eyes always looked red. He further stated that the defendant did nothing by voice, conduct, or the like, which would indicate that he was under the influence of alcohol, and the witness was

of the opinion that the defendant was not under the influence of alcohol at the time of the mishap.

Mr. Anthony Lowery, the operator of the second vehicle involved in the accident, testified on behalf of the defendant, although he had originally been called as a witness by the People. Mr. Lowery stated that after the mishap occurred, he entered the front passenger side of the defendant's vehicle to exchange information with the defendant. He stated that the windows to the vehicle were closed, that he detected no odor of alcohol emanating from the defendant, and that there was no indication that defendant had been drinking. He stated that defendant was cooperative, and that the condition of the defendant's eyes was the same at the time of trial as it was at the time of the mishap. Mr. Lowery was of the opinion that the defendant was not under the influence of alcohol at the time of the mishap. The witness also denied that he summoned the police for the purpose of having the defendant arrested for driving while intoxicated, stating that he summoned the police solely to report the accident. Both Mr. Branch and Mr. Lowery testified that the accident was "unavoidable" due to the icy and narrow conditions of the street.

The trial judge found the defendant not guilty of driving too fast for conditions and of driving to the left of center, but found defendant guilty of driving while under the influence of intoxicating liquor.

The defendant has raised three contentions on this appeal, but it is necessary to consider only the contention that defendant was not proved guilty beyond a reasonable doubt. Upon a consideration of the record we conclude that the defendant was not proved guilty beyond a reasonable doubt.

■■■ Although no scientific proof of intoxication need be offered by the People to sustain a finding of intoxication (*People v. Bies*, 2 Ill.App. 3d 1001, 276 N.E.2d 364), the foregoing summary of the evidence shows that the unsupported testimony of the police officer is directly and cogently contradicted by the testimony of the defendant's passenger, of the defendant himself, and of the other party to the accident. There exists a reasonable doubt as to the guilt of the defendant, and for that reason the judgment is reversed. See *People v. Clark*, 123 Ill.App.2d 41, 259 N.E.2d 636.

Judgment reversed.

GOLDBERG, P. J., and LYONS, J., concur.