The People of the State of Illinois, Plaintiff-Appellee, *v.* Thomas E. Morrissey, Defendant-Appellant.

(No. 12288;

Fourth District—July 31, 1975.

Hugh A. Henry, Jr., of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Kai Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of driving while under the influence of intoxicating liquor [1] entered upon a jury's verdict.

Upon appeal defendant argues that the trial court abused its discretion in refusing to grant a midtrial continuance to permit defendant to seek a witness whose name was disclosed in the cross-examination of the arresting officer, and that defendant was not proven guilty beyond a reasonable doubt.

Upon the first issue, there is no contention of a failure in discovery by the prosecution. During cross-examination of the arresting officer, counsel inquired whether defendant had mentioned an incident some time prior to the arrest which defendant described as a fight. It appears that a former policeman had driven by and ordered defendant to move his car which was standing in the middle of the street. It appears that no official report of the incident had been made. Upon such testimony defendant requested a continuance to locate the former police officer. The theory proposed is that the fact that such officer had ordered defendant to move his car from the middle of the street would serve as evidence that he did not consider defendant to be then intoxicated.

---

[1] Ill. Rev. Stat. 1971, ch. 95½, par. 11—501.

■■ Defendant cites *Lindeen v. Illinois State Police Merit Board*, 25 Ill.2d 349, 185 N.E.2d 206, where it was held to be reversible error to deny a continuance when a witness who had been subpoenaed failed to appear after assuring counsel that he would testify. The defendant argues that the application of Supreme Court Rule 231 should be no different when the identity of the witness was learned during cross-examination. Supreme Court Rule 231(a) includes the provision that defendant shall show that due diligence had been used to obtain the evidence. In colloquy between court and counsel it appears that the latter knew Kemp, the watch commander, and that the latter would be likely to know the officer on duty on that date, but while the case was pending he had made no inquiry to ascertain the identity of such officer. Materiality of the evidence is doubtful in that there is no assertion of any further contact by the officer than inquiry of one or more persons as to the ownership of the car and a direction that it be moved. Upon such fact, the denial of a continuance was not an abuse of discretion. (*People v. Brown*, 13 Ill. App.3d 277, 300 N.E.2d 831; *People v. Magby*, 37 Ill.2d 197, 226 N.E.2d 33.) Section 114—4(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—4(e)) provides:

> "All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant."

■■ The elements of the offense include (1) driving a motor vehicle, (2) upon a public highway, and (3) the intoxication of the operator. (*People v. Jefferson*, 1 Ill.App.3d 484, 275 N.E.2d 176.) No issue is raised as to the first two elements.

Kemp, the arresting officer, testified that he observed the defendant's car travelling several blocks as Kemp sought to measure the speed at which it was driven. He stopped defendant when the latter ran through a red light. Kemp and the backup officer who arrived shortly testified to identifying the odor of liquor on defendant and to his conduct. Such included stumbling against the side of the car, lying across the hood and across the trunk and persisting in loud and profane abuse of the officers. Upon being booked, he refused to participate and refused to sign the property receipt. While detained in a cell he continued the profane denunciation of the officers and profanely abused the telephone operator as he was making a collect call.

No challenge is made to the foundation for the officers' opinions as to intoxication.

Defendant urges that his conduct was explained by facts suggesting that he was other than intoxicated. He was 18 years of age, tall and described himself as awkward and one who normally stumbles and falls.

He said that he is easily upset and then talks loudly and that tears come to his eyes when frustrated. Each of his parents testified that such was the nature of the defendant. He denies cursing the police officers.

Defendant testified that he was frustrated and upset at the time of the arrest. He and a friend named "Joe" had gone to Champaign where they had several beers. Upon returning to Normal he went to sleep at the friend's house but unexpectedly was evicted from the house at about 2 a.m. He had backed his car into the street and then left it to get some personal belongings in the house. He asserted that this was the occasion when the fight occurred. He testified that at the time of the arrest he was looking for the police to help him get his belongings from the house.

So far as can be ascertained from the record this was the occasion when the officer unknown to him directed that he remove his car from the middle of the street. In considering the evidence the jury might observe that at that time he made no complaint to such officer as to his person or property.

Defendant cites *People v. Clark*, 123 Ill.App.2d 41, 259 N.E.2d 636; *People v. Benoit*, 6 Ill.App.3d 1031, 287 N.E.2d 85, and *People v. Varley*, 8 Ill.App.3d 657, 290 N.E.2d 346, as cases where the conduct of the defendant was explained so that upon review the evidence of intoxication was deemed to be so unsatisfactory as to raise a reasonable doubt of guilt. In *Clark*, defendant was unconscious following a collision. Such fact was considered to explain his manner of speech and of walking, so that the mere odor of liquor was not sufficient to demonstrate intoxication. In *Benoit*, one officer testified to intoxication but three persons at the scene, including the one with whom defendant had collided, testified that there were no signs of intoxication. In *Varley*, one officer testified to conduct supporting an opinion of intoxication. Defendant produced medical testimony concerning the prescription of tranquillizers and to a physical condition which noticeably impaired his sense of balance and of walking.

■■ It is for the trier of fact to measure the credibility and the testimony of the several witnesses. In this case it does not appear that the evidence of guilt is so improbable or unsatisfactory as to raise a reasonable doubt of guilt.

The judgment is affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.