THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EARL JOHNSON, Defendant-Appellant.

Fourth District No. 13504

Opinion filed November 18, 1976.—Rehearing denied December 1, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert G. Gammage, State's Attorney, of Clinton (Bruce Gammage, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Earl Johnson, was convicted by the Circuit Court for the Sixth Judicial Circuit, De Witt County, of having control of a motor vehicle while under the influence of intoxicating liquor in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)). Defendant's bench trial was held on October 1, 1975, and he was sentenced to 90 days' imprisonment on October 10, 1975.

The defendant was arrested at approximately 3:20 a.m. on June 15, 1975, on a rural road northwest of Clinton, Illinois. The arresting officer, Jerry Bristow, observed three people sleeping in the defendant's automobile which was partially on the roadway with the front end of the vehicle in a ditch and with the rear end extending into the roadway for a

distance of about one foot. Defendant was seated behind the wheel and a partially consumed bottle of sloe gin was in the automobile. Bristow awakened the defendant who, upon request, exited from the car and stood with assistance. Bristow stated that defendant's face was pale, his speech incoherent and he staggered.

Defendant stated that prior to his arrest, he was visiting with his wife and two brothers at his apartment in Clinton. At 11:30 p.m., he left the apartment to take his brothers home. Defendant stated that the car's engine suddenly stopped, the lights went out and it coasted into a ditch. Upon investigation, he learned that the battery cable had been damaged, leaving the starter burned out. Defendant determined that the starter could not be repaired and, since it was drizzling rain, defendant and his companions decided to go to sleep and wait until morning to summon help. Defendant stated that prior to falling asleep the occupants of the auto consumed a bottle of sloe gin. Defendant testified that he had nothing to drink at his apartment or at any time during the previous day.

Section 11—501(a) of the Illinois Vehicle Code states that:

"No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State." Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a).

Defendant raises a single issue in this appeal, to wit: whether his guilt was established beyond a reasonable doubt. No evidence was introduced to contradict defendant's testimony that his automobile was inoperative and parked alongside the road prior to the time defendant and his companion commenced their drinking. In fact, the State's only evidence shows that defendant was discovered asleep in the front seat behind the wheel of his auto and that, in Deputy Bristow's opinion, defendant was under the influence of intoxicating liquor at that time.

In *People v. Wells* (1968), 103 Ill. App. 2d 128, 243 N.E.2d 427, the defendant was involved in an early morning auto accident after which he left the scene and went to his home where police officers discovered him seated at a table with an open bottle of whiskey. The appellate court reversed defendant's conviction for driving while intoxicated, noting that there was no evidence contradicting defendant's testimony that he had nothing to drink until after the accident. As in *Wells*, there was no direct evidence in the instant case to contradict defendant's testimony that he did not consume any alcohol until after the engine failed.

In *People v. Mundorf* (1968), 97 Ill. App. 2d 130, 239 N.E.2d 690, the appellate court upheld defendant's conviction for driving while intoxicated. In *Mundorf*, as in the instant case, the defendant was discovered asleep and intoxicated behind the steering wheel of an automobile. No witness observed the defendant driving the vehicle, however, defendant's testimony was considerably more difficult to

believe than defendant's testimony in the instant case. That testimony was that defendant's wife drove the car, parked it on a tollway, left the car and her husband about 2 a.m., and then walked home in high-heeled shoes, via the tollway, a distance of one or two miles.

In *People v. Schulewitz* (1967), 87 Ill. App. 2d 331, 231 N.E.2d 678, the court upheld defendant's conviction for driving while intoxicated where defendant was discovered asleep and intoxicated behind the steering wheel of his automobile which was obstructing a lane of traffic. *Schulewitz*, however, differs from the instant case in that the Schulewitz vehicle was discovered at a crash scene. The defendant in *Schulewitz* also admitted having three beers prior to the accident.

The State alleges that defendant admitted having control of his automobile before it came to rest in the ditch and that the circumstantial evidence reflects he was intoxicated at that time. Defendant counters this argument by stating that there was insufficient evidence to establish his intoxication at any time that he had control of a "vehicle." The "control of any vehicle" language in section 11—501(a) of the Illinois Vehicle Code must be read in light of section 1—217 of the Code which defines "vehicle" as:

> "Every device, in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power, devices used exclusively upon stationary rails or tracks and snowmobiles as defined in the Snowmobile Registration and Safety Act." Ill. Rev. Stat. 1975, ch. 95½, par. 1—217.

Defendant alleges, and the State does not disagree, that his car was inoperative before he had his first drink. We note that Deputy Sheriff Bristow testified that the car's position on the highway did not create a traffic hazard. Section 15—114 of the Illinois Vehicle Code forbids the pushing of one vehicle by another "except in an extreme emergency." (Ill. Rev. Stat. 1975, ch. 95½, par. 15—114.) Clearly, this situation was not present here. Next, section 15—110 of the Code forbids the towing of a vehicle unless a drawbar and two safety chains are attached to the towed car. (Ill. Rev. Stat. 1975, ch. 95½, par. 15—110.) In this case, the defendant's car was later towed into the City of Clinton, but there was no evidence indicating that the drawbar and chains were attached to the car at the time defendant was behind the wheel. We cannot say that the automobile was able to be towed on the highway while defendant was behind the wheel. Finally, we note that defendant's car was located in a ditch, obviating the possibility of its coasting upon a downgrade. In order to coast downhill a towtruck would have had to first extricate the car from the ditch. Accordingly, we find that the defendant's car was no longer a

"vehicle" capable of being "transported or drawn upon a highway" while defendant was in an intoxicated state behind the wheel.

■■ In this case, there is a reasonable and well-founded doubt as to the guilt of the accused. We are not unmindful of the fact that intoxicated drivers are the direct cause of a great number of deaths and a greater number of injuries in this country each year. The imposition of criminal sanctions and the revocation of the driver's licenses of those convicted of driving while intoxicated are two of the means of combating this problem. The imposition of criminal sanctions must, however, be accompanied by proof beyond a reasonable doubt of each element of the offense. (*People v. Hess* (1974), 24 Ill. App. 3d 299, 320 N.E.2d 344.) The revocation of a driver's license must also comply with the requirements of procedural due process. *Love v. Howlett* No. 75-C-1821 (N.D. Ill. Jan. 20, 1976), *appeal granted*, 45 U.S.L.W. 3222 (U.S. Oct. 4, 1976) (No. 75-1513).

It is true that the facts of the instant case present a suspicious set of circumstances, however, suspicions and probabilities are not enough to convict. *People v. Wallace* (1971), 133 Ill. App. 2d 297, 273 N.E.2d 192.

■■ Since defendant's automobile was inoperative at the time of his arrest, we cannot say that defendant had control of a "vehicle" as defined in section 1—217 of the Illinois Vehicle Code. We accordingly hold that the State has failed to prove the defendant's guilt beyond a reasonable doubt and we reverse defendant's conviction for having control of a vehicle while under the influence of intoxicating liquor.

Reversed.

SIMKINS, P. J., and GREEN, J., concur.