THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JULIAN COX, Defendant-Appellant.

Fourth District No. 4—84—0276

Opinion filed February 26, 1985.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant, Julian Cox, was issued a traffic ticket charging him with improper lane usage (Ill. Rev. Stat. 1981, ch. 95½, par. 11—709) and operating a motor vehicle while under the influence of intoxicating liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). The State and Cox reached a tentative plea agreement. Pursuant to the agreement, Cox pleaded guilty to a charge of reckless driving. At the plea hearing, prior to the court's concurrence, the court inquired if Cox had any prior convictions. The assistant State's Attorney responded that there were none. Judgment was entered, and Cox was fined $300 plus court costs and was sentenced to four months' conditional discharge.

Shortly thereafter, another assistant State's Attorney advised the court that Cox did, in fact, have a previous conviction for driving under the influence. The court, in Cox' presence, vacated the plea and reset the cause for trial. Cox' motion to dismiss praying for specific enforcement of the plea bargain and to vacate the trial date was denied by the court.

The charge of improper lane usage was dismissed by the State prior to trial. At trial, Officer Kenneth Dicken testified that, at about 12:30 a.m., on December 4, 1982, he was driving west on West Williams Street in Danville on routine patrol. He was accompanied by another officer, a local television reporter and a cameraman. He observed an automobile approaching him which was being driven on the shoulder of the road.

Officer Dicken turned around and followed the automobile, driven by Cox, for several blocks. Because a light mist was falling, he could see that the tracks left by Cox' automobile on the wet pavement were erratic. As he neared the vehicle, he also observed that the car veered over the center line and back to the curb several times, nearly missing the telephone poles along the road. Officer Dicken pulled the automobile over. When Cox rolled down his window, Officer Dicken detected a strong odor of alcohol on Cox' breath. Officer Dicken also observed that Cox' eyes were bloodshot and that his speech was slurred. Cox had difficulty in producing his driver's li-

cense and passed over it several times.

Officer Dicken asked Cox to get out of his automobile and requested that he perform a field sobriety test. Cox stumbled and could not stand up by himself. Nor could he perform the "finger-to-nose" test. Based on his 16 years as a police officer, Officer Dicken concluded that Cox was intoxicated and placed him under arrest.

Brenda Vaughn, the television reporter who was accompanying Officer Dicken, testified that Cox stumbled, slurred his speech, and that he could not perform the finger-to-nose test, the walking test, or the coin test. The State admitted into evidence a videotape of Cox driving his automobile and of portions of tests performed by Cox at the police station.

Cox testified that he takes Lanolin, Peritrate, and Librium three times a day at meal time for nervousness and a serious heart condition. He testified that as a result of his disabling condition, he is dizzy upon arising from a sitting position, he cannot stand for long periods of time, and he cannot stabilize himself in a squatting position. He further testified that, as his medication wears off, these conditions intensify.

Cox testified on the evening in question he took his medication with dinner and then left home to go for a drive. He testified that he drove out to Kickapoo State Park; that he stopped at Charlie's and drank one beer; and that he stopped at the Black Bear, played cards for about five hours, and drank three beers. Cox further testified that neither his defrosters nor his heater were working in his automobile on the night in question and that his tires were in very poor condition. He also testified that his reduced ability to drive was due to the wearing off of his medication and the poor condition of his automobile.

Donna Cox, the defendant's wife, testified that although Cox was a little nervous when she picked him up from the station, he did not appear to be intoxicated. She also testified that her husband is very unsteady on his feet when he does not take his medication on time.

The jury found Cox guilty of driving under the influence of alcohol. Cox was fined $100 plus court costs, sentenced to one year's probation, and ordered to perform 100 hours of public service work.

On appeal, Cox argues that in vacating the plea and judgment, the trial court exceeded its authority under Supreme Court Rule 402(d)(2) and placed Cox in jeopardy twice for the same offense. (87 Ill. 2d R. 402(d)(2).) Cox also contends that, at trial, the State improperly referred to Cox' post-arrest silence during closing argument.

██ Cox argues that the trial court failed to comply with the requirements of Rule 402(d)(2). In response, the State argues that the Rule has no application to the present case. We agree.

Under Supreme Court Rule 402(d)(2), where a trial judge concurs in a plea agreement and subsequently withdraws his concurrence, he must give the defendant the option to affirm or withdraw his plea. As the Committee Comments to the Rule indicate, the Rule governs the procedure on pleas of guilty *prior* to sentencing.

"Under subparagraph (d)(2), the judge, if he considers it appropriate, may be advised, in advance of the plea, of the tentative plea agreement and indicate his conditional concurrence or (if, with consent of the defendant, he then receives evidence in aggravation or mitigation) concurrence. Such concurrence or conditional concurrence is to be stated for the record when the plea is received, but if the judge later determines *before sentencing* that a more severe disposition is called for he must so advise the defendant and give him an opportunity to withdraw the plea." (Emphasis added.) Ill. Ann. Stat., ch. 110A, par. 402, Committee Comments, at 531 (Smith-Hurd 1976).

In the present case, the trial court concurred in the plea agreement and sentenced Cox. The requirements of the Rule were fully complied with. The Rule has no application to the vacating of plea agreements.

██ We find that the trial court did not exceed its authority in vacating Cox' judgment entered on the plea agreement. A trial court retains jurisdiction over a judgment for 30 days after its entry for purposes of vacating, modifying, or setting aside the judgment to correct errors in its rendition. (*People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002; *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265; *People v. Hamel* (1946), 392 Ill. 415, 64 N.E.2d 865.) As the supreme court noted in *Heil*,

"The relevant statutes, and the rules promulgated by this court, demonstrate the intent that in criminal as well as civil matters the circuit court be given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry. (See, *e.g.*, Ill. Rev. Stat. 1977, ch. 38, pars. 116—1, 116—2, 1005—8—1(d); 58 Ill. 2d Rules 604(d), 605(b), 606(b).)" (71 Ill. 2d 458, 461, 376 N.E.2d 1002, 1003.)

Thus, upon learning that Cox in fact had a prior conviction for driving under the influence, the trial court had the authority to reconsider its judgment.

Additionally, we find that the trial court did not abuse its discre-

tion in vacating the judgment. We reject Cox' argument that "the inequity of a miscommunication of some sort made by the defense" is counterbalanced by the State's dereliction in failing to discover Cox' prior conviction. Cox stood silently by when the assistant State's Attorney responded negatively to the court's inquiry as to whether Cox had any prior convictions. Although we need not consider whether Cox' action constitutes a fraud perpetrated upon the court, as urged by the State, Cox' actions are not to be countenanced and justified the trial court in vacating its prior judgment.

 Cox also argues that the trial court's action in vacating the judgment and setting the case for trial subjected him to a second prosecution for the same offense, in violation of the double jeopardy guarantee. In response, the State argues that the vacating of Cox' guilty plea to the offense of reckless driving and his subsequent trial on the charge of driving under the influence did not place Cox in jeopardy twice for the same offense. We agree.

In *People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886, pursuant to a plea agreement, the defendant pleaded guilty to a misdemeanor offense and the State nol-prossed the felony charge. On appeal, the court vacated the guilty plea. At trial after remand, the defendant was convicted of both the misdemeanor and felony charges. The defendant then appealed, claiming a violation of his double jeopardy guarantee.

Discussing the application of the principles of double jeopardy, the court in *McCutcheon* said:

"One of the purposes of the protection against double jeopardy is to protect an 'accused from the unfair harassment of successive trials.' (*United States v. Goldman* (3d Cir. 1965), 352 F.2d 263, 266.) Unfair harassment occurs only if jeopardy has already attached to an offense charged. That is not the case here. Jeopardy attached only at the time the guilty plea was accepted by the court (Annot., 75 A.L.R.2d 683 (1961 & Supp. 1968)) and logic dictates that jeopardy would attach only to the crime pleaded to since there has been no other finding of any sort. (The court only determines whether the plea is voluntary and whether there is a factual basis for the plea.) Since defendant was never exposed to the danger of a trial on the charge of indecent liberties with a child, he cannot claim an acquittal on that charge or protection by reason of prior jeopardy." (68 Ill. 2d 101, 106, 368 N.E.2d 886, 888.)

The court held that the principles of double jeopardy do not bar a defendant's retrial for the greater offense upon reversal of a convic-

tion of a lesser charge to which the defendant had pleaded guilty.

Thus, when Cox pleaded guilty to the charge of reckless driving, jeopardy attached only to that charge and not to the charge of driving under the influence. We do not consider this rule to be any less applicable where the conviction is set aside on the court's own motion, rather than vacated on appeal by the defendant.

Nor can we say that the offenses of driving under the influence of intoxicating liquor and reckless driving would otherwise constitute the same offense for purposes of double jeopardy. In determining whether two offenses are the same, the applicable test is that the offenses are not the same for purposes of double jeopardy where each statute requires proof of an additional fact or facts which the other does not. (*Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221.) Even where the "lesser" offense may be proved by the elements necessary to establish the greater offense, the two offenses will not necessarily be considered the same where the lesser offense does not always entail such proof. *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260.

■ Driving under the influence of intoxicating liquor is not an included offense of reckless driving. In order to be classified as an included offense, " 'all the elements of the lesser [offense] must be included within the greater.' " (*People v. Smith* (1980), 78 Ill. 2d 298, 306, 399 N.E.2d 1289, 1294.) The elements of the offense of driving under the influence include (1) driving a motor vehicle, (2) upon a public highway, and (3) the intoxication of the operator. (*People v. Morrissey* (1975), 30 Ill. App. 3d 566, 333 N.E.2d 33.) Although intoxication is probative of recklessness, it is not necessarily an element of the offense of reckless driving. (See *People v. Davis* (1982), 105 Ill. App. 3d 129, 434 N.E.2d 13.) The offense of reckless driving may be committed by an operator of a motor vehicle who is not intoxicated. Additionally, the offense of reckless driving requires proof that the defendant operated his motor vehicle in such a manner as to demonstrate a wilful and wanton disregard for the safety and property of others. Hence, the offenses of driving under the influence of intoxicating liquor and reckless driving are not the same for purposes of double jeopardy.

■ Cox also argues that the State improperly referred to his post-arrest silence during closing argument. In response, the State contends that the prosecutor's remarks, if error, do not rise to the level of plain error. At trial, Cox asserted the theory that his seemingly inebriated appearance was due to his medical condition. In its closing argument, the State questioned Cox' failure to relate the

same explanation to Officer Dicken at the time of his arrest. Cox made no objection at trial, nor did he claim the State's comments as error in his post-trial motion.

Generally, prosecutorial remarks concerning a defendant's post-arrest silence are impermissible. (See *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240; *People v. Rehbein* (1978), 74 Ill. 2d 435, 386 N.E.2d 39.) Such comments are permissible, however, where the defendant's exculpatory statement at trial is inconsistent with the defendant's post-arrest statements or where the defendant falsely testifies to an exculpatory post-arrest statement. (*People v. Foster* (1980), 81 Ill. App. 3d 915, 401 N.E.2d 1221.) Neither exception applies here. We conclude that the State's reference to Cox' post-arrest silence in its closing argument constituted error.

However, such comments need not lead to reversal if they are harmless beyond a reasonable doubt. (*People v. Green* (1979), 74 Ill. 2d 444, 386 N.E.2d 272.) We find that the error here does not rise to the level of plain error. The evidence presented in this case was not closely balanced, nor was there error of such magnitude that the defendant was denied a fair and impartial trial. See *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091.

The arresting officer and the television reporter both testified that Cox appeared to be intoxicated. Cox admitted that he had spent the entire evening in taverns. Most telling of all, Cox' blood alcohol content was .22. We conclude that the prosecutor's comment on Cox' silence, though improper, constitutes harmless error and does not require reversal in this case.

For the foregoing reasons we affirm the trial court.

Affirmed.

GREEN, P.J., and MILLS, J., concur.