THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL VALLERO, Defendant-Appellant.

Third District   No. 3—84—0569

Opinion filed July 16, 1985.

HEIPLE, P.J., dissenting.

Robert Agostinelli and Pamela Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Daniel R. Vallero, appeals from his convictions for driving under the influence of alcohol and driving while license revoked. We affirm.

During the pendency of this appeal, the defendant filed a separate petition for post-conviction relief in which he argued that his trial counsel labored under a conflict of interest. As a result of the petition, the defendant was granted a new trial. Based on the order for new trial, the State has filed a motion to dismiss this appeal. The defendant filed objections. The defendant has additionally filed a motion to withdraw issue II, counsel's conflict of interest, because it was previously resolved in the post-conviction hearing. These motions were taken with the case.

■ Because the issue of counsel's conflict has already been resolved, we allow the defendant's motion to withdraw issue II. Because the defendant's right to be free from double jeopardy is implicated in the remaining issue, we deny the State's motion to dismiss.

The facts in the instant case are not disputed. At approximately 3 a.m., on April 28, 1984, Oglesby police officer John Cummings observed a Cadillac lodged in a roadside ditch and containing one occupant, the driver. Cummings watched as the driver attempted to maneuver the car out of the ditch by driving the car forward and backward.

A station wagon was parked on the side of the road. The occupant of the station wagon hooked a chain from the wagon to the Cadillac and attempted to pull the Cadillac from the ditch. When this failed, the occupants of the station wagon drove away.

At this time, the defendant exited the Cadillac and walked toward

Cummings' squad car. Cummings observed the defendant stagger as he walked. The defendant's speech was slurred and he smelled of alcohol.

Because Cummings was out of his jurisdiction, he radioed for assistance from the Illinois State Police. State Trooper Curtis Barnes responded to the call. He arrived on the scene at 3:55 a.m. Barnes observed that the Cadillac's engine was running and the driver was attempting to drive the car out of the ditch.

Barnes approached the driver of the Cadillac and requested identification. A computer check of the defendant's name revealed that the defendant's license had been revoked. Barnes arrested the defendant for driving while under the influence of alcohol and driving while license revoked.

The defendant was convicted of both offenses following a jury trial. The defendant appeals, arguing that he was not proved guilty of either offense beyond a reasonable doubt because the State failed to prove that the defendant had actual physical control of the "vehicle."

That the accused drove or was in actual physical control of a vehicle is an essential element of both driving under the influence (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)) and driving while license revoked (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303(a)). Based upon the decision in *People v. Johnson* (1976), 43 Ill. App. 3d 428, 356 N.E.2d 1373, the defendant asserts that his car was not a "vehicle" and that he, therefore, was not in control of a "vehicle."

The defendant clearly misconstrues *Johnson*. The automobile in *Johnson* ceased to be a "vehicle" because it was no longer operative, and not merely because it was immobile. The *Johnson* court noted that the auto was in a ditch only to demonstrate that the auto could not even be operated by coasting.

▬▬ ▮ Vehicle is defined as a "device, in, upon or by which any person or property is or *may be* transported or drawn." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 95½, par. 1—217.) "May" means to have the ability or competence. (Webster's Third New International Dictionary (1971).) The Cadillac's "capacity" to transport was not dissipated simply because it got stuck in the mud. Merely because a vehicle is temporarily disabled by weather, road conditions or "ditch conditions" under the circumstances of a particular factual setting does not convert an otherwise operable automobile into a "non-vehicle" for purposes of avoiding liability under the drunk driving laws of this State. Further, the defendant was clearly observed in control of a "vehicle" to the extent that the Cadillac could be operated in the ditch. In fact, the defendant was maneuvering the car back and forth

in an attempt to extricate it from the ditch. Consequently, the defendant's auto was at all times a device with the inherent capacity and ability to transport.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

WOMBACHER, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

The defendant was convicted of driving under the influence of alcohol and driving while license revoked.

Our penal statute for driving while intoxicated states that, "A person shall not drive or be in actual physical control of any vehicle while *** under the influence of alcohol." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2).) Similar language pertains to the offense of driving while license is revoked. Ill. Rev. Stat. 1983, ch. 95½, par. 6—303(a).

In the instant case, the hapless defendant was convicted of violating those penal statutes when he was observed attempting to extricate his Cadillac from a ditch. The car was hopelessly stuck in the ditch and perpendicular to the roadway. Although the defendant was observed behind the wheel with the motor running and "rocking" the car, it would go nowhere. All that the defendant could accomplish was to bury his wheels deeper into the muck. A tow truck operator testified that the car could not be driven out of the ditch but would, in fact, require a tow.

That the defendant was under the influence of alcohol does not seem to be in issue. Likewise, a nonissue is the fact that the defendant's driving privileges had been revoked. The issue, rather, is whether the defendant was driving or in actual physical control of a vehicle.

The record does not indicate how the car got into the ditch nor how long it was there. We do not know whether the defendant or some other person drove the car *into* the ditch. Hence, we are precluded from speculating that the defendant, while drunk, drove his car into the ditch. Convictions can only be predicated upon the evidence in the case. All that the evidence shows is that the defendant, while drunk, was observed while unsuccessfully attempting to drive his car *out of* the ditch. As already noted, this was a physical impossibility.

Citing *People v. Johnson* (1976), 43 Ill. App. 3d 428, 356 N.E.2d 1373, defendant makes the ingenious argument that, being stuck, the Cadillac was no longer a vehicle. The majority quite correctly rejected that argument. The Cadillac did not cease being a vehicle merely because it was stuck.

Since the Cadillac was not driveable, the defendant cannot be guilty of the "shall not drive" part of the statute. This leaves the clause "or be in actual physical control of a vehicle" as the only possible basis for a violation.

On that basis, I would have to find the defendant not guilty. The statutes here, for whatever may be made of their language, are aimed at preventing drunks or persons with revoked licenses from driving cars. That is all.

There is no prohibition at all from a drunk owning or possessing a car. Likewise as to a person with a revoked license. Rather, it is the immediate possibility of the car being driven while the operator is in a drunken condition or has no license that causes the problem.

The statutory phrase, "or be in actual physical control," has to include by inference the condition that the car is driveable and that the operator has physical control of the driving mechanism. Otherwise, we are dealing with absurd situations. A drunk sitting at his kitchen table with his car locked in his garage is, in one sense, in control of his car. He is not, however, guilty of driving while intoxicated. A drunk sitting on his front porch with his car jacked up on blocks in his front yard is in control of his car. Once again, however, he is not guilty of driving while intoxicated. Finally, the defendant in the instant case, while in control of his car as against all other persons, lacked the immediate capability of driving it and, hence, lacked actual physical control within the meaning of the statute.

When the legislature passed the statutes in question they intended to prevent drunks from driving cars and persons with revoked licenses from driving cars. Since the defendant was not shown to have driven a car and since the evidence showed conclusively, in fact, that the car could not be driven, he was entitled to a finding of not guilty. Accordingly, I would reverse the judgment of the trial court. I, therefore, dissent from the majority decision in this case which affirms the conviction.