**People of the State of Illinois, Plaintiff-Appellee, v. Arden Wells, Defendant-Appellant.**

**Gen. Nos. 52,677, 52,678.**

First District, Third Division.
December 5, 1968.

Ronald A. Parizek and Michael F. Sheehan, Jr., of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a trial without a jury the defendant was found guilty on two charges—(1) driving a vehicle while under the influence of intoxicating liquor, and (2) failing to remain at the scene of an automobile accident involving property damage. Because it was his second conviction within a five-year period on the charge of driving while under the influence of intoxicating liquor, defendant was sentenced to serve 90 days in the House of Correction and fined $500. Ill Rev Stats, c 95½, § 144(c) (1965). For failing to remain at the scene of an accident he was fined $15 plus $5 costs. Defendant has filed separate appeals from each conviction. With respect to (1), he contends that he was not proven guilty beyond a reasonable doubt. With respect to (2), he has submitted no argument. The facts follow.

On February 26, 1967, Officer William McGlynn was notified of an automobile accident which had occurred at

■■■■■■

5:20 p. m. at North and Cicero Avenues in Chicago. When he arrived at that location, he was informed by witnesses that defendant had left the scene. The officer traced defendant to his home and at 6:45 p. m. he entered the defendant's home, where he found him sitting at a table with an open bottle and a glass of whiskey in front of him. He arrested the defendant and took him to the police station, arriving there at about 7:30 p. m. The police officer testified that in his opinion the defendant was unfit to drive at the time he arrived at the station. Defendant was given a breathalizer test which resulted in a reading of .20. At the time of the accident the Uniform Act Regulating Traffic provided that a reading of .15 or above yielded a presumption that the defendant was under the influence of intoxicating liquor. Ill Rev Stats, c 95½, § 144(b)(3) (1965).

Defendant admits that he was in an accident and that he was driving the vehicle involved. He testified that he left the scene of the accident and walked six blocks to his home, that he had nothing to drink prior to the accident, that he was frightened and when he reached home, drank about five or six water glasses of liquor. Ralph Benoit, a friend, testified in behalf of the defendant that he had been with him from 7:00 a. m. until 3:00 p. m. on the day of the accident and that during that time defendant had nothing to drink.

As to charge (1), defendant contends that the evidence does not prove beyond a reasonable doubt that he was intoxicated at the time of the accident, and the State in its brief admits there is no direct evidence to support that charge. It is contended however that there was sufficient circumstantial evidence to sustain the conviction.

■■ The burden was on the State to prove beyond a reasonable doubt that defendant drove the automobile at the time and place in question while he was under the

influence of intoxicating liquor. People v. Miller, 23 Ill App2d 352, 163 NE2d 206. Police Officer McGlynn's testimony and the results of the breathalizer test administered at the police station indicate that defendant was intoxicated when he arrived at the station, but that was more than two hours after the accident took place. There is no evidence which in any way contradicts defendant's testimony that he did not have anything to drink until after the accident. His home is only six blocks from the scene of the accident and he had ample time between 5:20 and 6:45 p. m. to have walked home and consumed enough whiskey to be intoxicated by 7:30 p. m. Although defendant's testimony is unlikely, it is not contradicted by the evidence and it raises a reasonable doubt that defendant was intoxicated at the time he had the accident. People v. Miller, supra. Defendant's conviction on charge (1) (Case No. 52,677) must be reversed.

■ As to charge (2), nothing has been presented to us which reveals error in defendant's conviction for failing to remain at the scene of the accident. That conviction (Case No. 52,678) is accordingly affirmed.

Judgment reversed in Case No. 52,677. Judgment affirmed in Case No. 52,678.

DEMPSEY, P. J. and SULLIVAN, J., concur.