THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD CHAMBERLAIN, Defendant-Appellant.

(No. 11568;

Fourth District—May 8, 1972.

Reno, O'Byrne & Kepley, of Champaign, (Donald M. Reno, Jr., of counsel,) for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (Emerson Moore, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

A Complaint was filed in the Circuit Court of Champaign County charging that defendant-appellant, Gerald J. Chamberlain, committed the offense of driving while under the Influence of Intoxicating Liquor in violation of Chapter 95½, Section 144, Illinois Revised Statutes, 1967, on October 11, 1969, in that "* * * he did knowingly have actual physical control of the motor vehicle, to-wit: a 1969 Chevrolet, registration number 167432 * * * while * * * then and there under the influence of intoxicating liquor * * *." The case was tried before a jury which was unable to reach a verdict, and a mistrial was declared.

An amended charge was then filed which contained the same allega-

tions as the original one except the word "knowingly" was omitted. Case was again tried before a jury which returned a verdict of guilty. Defendant was fined $500 and ordered to serve three days in the county jail.

Peoples' case was based upon the testimony of Officers Spanglo and Hutcherson of the Urbana Police Department. At approximately 3:00 A.M., they observed a 1969 Chevrolet station wagon parked in an alley, headed West. Officer Spanglo testified that the lights of the Chevrolet were on; Officer Hutcherson testified that the taillights were on but was not sure about the headlights. In all other respects, the officers' testimony was substantially the same. The engine of the Chevrolet was running, the defendant was alone in the vehicle, sitting in the driver's seat, slumped over the steering wheel, unconscious. The officers were unable to arouse defendant by knocking on the window and had to shake him for a couple of minutes before he aroused. He was asked for his driver's license, and searched through his billfold. The license, according to the officers, was in plain view and they finally pointed it out to the defendant. He was then asked to get out of the car but did not seem to comprehend the request and the officers assisted him. They could not see the position of the gearshift lever which controlled the automatic transmission but testified that the car was in gear, that as defendant began to emerge from the car it lurched forward a couple of feet and defendant then put the gearshift lever into neutral. While they could not see the floor of the car, the officers testified that, in their opinion, defendant's foot was on the brake pedal when they arrived. Defendant was asked to walk to the squad car, his gait was very unsteady and that at one point he fell against the car. The officers did not recall whether they or defendant shut the engine off.

Defendant was placed in the rear of the squad car, the dome light was turned on. Defendant's speech was "*  *  *  slurred, impaired, hard to understand. His face was real red, eyes were bloodshot." The defendant stuttered, would start a sentence, "*  *  *  get all mixed up and have to start over again,  *  *  *  his eyes were bloodshot, his face flushed and his eyes were slow to react to the light of the flashlight." There was a strong odor of alcohol coming from the defendant. Defendant asked why he had been placed in the squad car and was told that he was being charged with driving while intoxicated to which defendant responded, "*  *  *  I'm not driving. I admit I am drunk, but I am not driving."

The officers had defendant's car towed into the Urbana Police Station and took defendant to the station in the squad car. He had to be assisted from the squad car and up the steps. Inside the station, Officer Hutcher-

son, "* * * read Mr. Chamberlain his rights and allowed him to make a phone call * * *." Defendant then apparently called his attorney. Officer Hutcherson testified that the defendant had difficulty in dialing the number and when the call was completed defendant stated over the telephone, "I am drunk" and told whomever he was talking to that he had the money to make bond. In the opinion of both officers the defendant was highly intoxicated when they discovered him in the alley and also while he was in the police station. They told the defendant that his bond would be his driver's license and $50. Defendant had difficulty counting the money and gave Officer Spanglo $70, $20 of which was returned to him. Defendant then requested that he be given his car, the officers told him that he could pick it up the next morning and called a taxicab for him. The officers did not know how long the defendant's car had been in the alley.

The defendant did not testify in his own behalf. The evidence which he offered consisted of the testimony of two witnesses. Attorney Donald M. Reno testified that he received a call from the defendant on the morning in question at about 2:30 or 3 o'clock A.M., and was asked, "Specifically, did Mr. Chamberlain make a statement to you over the phone that he was drunker than hell?". In response to which Mr. Reno testified, "No, he did not." His testimony was apparently offered to impeach Officer Hutcherson. However, it is noted that Officer Hutcherson did not testify to the language contained in the question put to Mr. Reno. Officer Hutcherson simply testified that the defendant made the statement over the telephone, "I am drunk", therefore this testimony was not impeaching.

Defendant also called Doctor Isaac Moreheim who was a physician who had been treating the defendant for diabetes. He testified that a diabetic who has too much sugar in his system "* * * could be very tired, that they could become dizzy, they could faint, they could become unconscious depending upon the amount of sugar in the blood." The Doctor was then asked a hypothetical question which incorporated the physical characteristics of the defendant, his history of diabetes, and that he "* * * had consumed a certain amount of alcoholic beverages, the exact amount not known * * *.", and which assumed the unconscious position in the vehicle, the flushed face and watery eyes and was then asked whether or not the unconscious condition might have been the result of diabetes. The doctor's answer was not particularly helpful since he said that it was entirely possible that a person with diabetes "* * * by consuming a large amount of alcoholic beverages which contain a lot of sugars and calories * * * would increase the blood level causing a situation where they could be asleep or semi-

conscious." The doctor in response to further questioning as to whether or not it would have to be a large amount, responded by saying it would have to be a reasonable amount to make the blood sugar rise.

This testimony was apparently offered in an effort to establish that the defendant was or might have been in a diabetic coma rather than "passed out" from consumption of liquor.

■■ Defendant urges that the trial court committed reversible error by admitting the admission made at the scene of the arrest because of the absence of the warnings prescribed in *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct., 1602. Defendant's admission that he was drunk, made at the scene of the arrest, was one not elicited by any question from the officers. It was volunteered by the defendant and the trial court was correct in its ruling. See *Miranda, supra,* and the *People v. Hicks*, 44 Ill.2d 550, 553, 265 N.E.2d 823.

■■ Defendant's contention that procedural due process was violated by permitting the amendment to the complaint which deleted the word "knowingly" is without merit. Ill. Rev. Stat., 1969, ch. 38, Sec. 11—5(d), specifically authorizes the amendment of an indictment, information or complaint to eliminate the presence of any unnecessary allegation as was done here, and under the definition of the offense with which defendant was charged the word "knowingly" was an unnecessary allegation. See Ill. Rev. Stat. 1967, Ch. 95½, Sec. 144.

■■ Defendant complains of the giving of certain instructions and of the Court's refusal of others. We do not consider these matters for the following reasons: (1) Defendant did not abstract all of the instructions and therefore his claim of error based on the giving or refusal of instructions will not be considered (*People v. Daily*, 41 Ill.2d 116, 121, 242 N.E.2d 170; (2) The instruction conference is not included in the report of proceedings as required by Rule 451(d); (3) There is attached to the last page of the Abstract of Record a copy of an undated, unfiled stipulation to the effect that defendant "* * * at the time of the jury conference * * *" objected to the submission of Peoples' Instructions 7, 10 and 11. A search of the record establishes that the stipulation attached to the abstract is not contained in the record; (4) A search of the record reveals that twelve instructions contained therein are neither marked "given" nor "refused" while five are marked "refused", nor is it possible to ascertain from the record who tendered twelve of the instructions, nor is it possible to ascertain from the record, with two or three exceptions, whether I.P.I. Criminal, was the source of the instructions.

■■ Defendant also urges that the evidence is insufficient to sustain the conviction. The evidence, in part direct, and in part circumstantial,

clearly warranted the case being submitted to the jury, and supports its verdict. Both briefs contain citations of numerous cases involving conviction or acquittal, when the evidence is wholly or in part circumstantial. It would serve no purpose to discuss this line of authority at length, since each case turns on its own particular factual setting. *People v. Mundorf,* 97 Ill.App.2d 130, 239 N.E.2d 690, approaches the factual situation here present rather closely.

■■ A conviction can be sustained upon circumstantial evidence as well as upon direct. "* * * and to prove guilt beyond a reasonable doubt does not mean that the jury must disregard the inferences that flow normally from the evidence before it." (*People v. Williams,* 40 Ill. 2d 522, 526, 240 N.E.2d 645; *People v. Russell,* 17 Ill.2d 328, 161 N.E.2d 309.) This Court will not reverse a judgment of conviction unless the evidence "* * * is so palpably contrary to the verdict, or so unreasonable, improbable or unsatisfactory as to justify entertaining a reasonable doubt of defendant's guilt." *People v. Williams, supra; People v. Lobb,* 17 Ill.2d 287, 161 N.E.2d 325.

The evidence is sufficient to warrant the jury's conclusion that the defendant was and had been in actual physical control of the motor vehicle, while under the influence of intoxicating liquor.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.