THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN CHARLES BURKHOLDER, JR., Defendant-Appellant.

Second District   No. 75-494

Opinion filed April 7, 1977.

William B. Petty and John R. LeComte, both of Mt. Carroll, for appellant.

Patricia Piper, State's Attorney, of Mt. Carroll, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant, John Charles Burkholder, Jr., was convicted following a bench trial in Carroll County, Illinois, on July 15, 1975, for the offense of driving while intoxicated (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)). He appeals from the conviction asserting that his guilt was not proven beyond a reasonable doubt in that no competent proof was made that he drove a motor vehicle at the time and place alleged in the complaint upon which trial was had. We agree and accordingly reverse. The State did not submit a brief.

From the record before us it appears that the proof adduced by the State consisted solely of the testimony of a deputy sheriff, who first saw the defendant in the county jail following his arrest. The witness testified as to the taking of a videotape of the defendant. This videotape was then shown to the court over the repeated objection of counsel for the defendant. It was not formally offered and does not constitute any part of the record on appeal. The balance of the State's case consisted of an alcohol breathalizer test, which was stipulated into evidence and showed a reading of .13. Motion for a directed verdict was denied and a finding of guilty was made.

Obviously, no conviction can stand for driving while intoxicated unless the driving is proven, since this constitutes an essential part of the corpus delicti. *People v. Williams*, 3 Ill. App. 3d 1036, 1039, 279 N.E.2d 735, 737-38; *People v. Jefferson*, 1 Ill. App. 3d 484, 486, 275 N.E.2d 176, 178; *People v. Dougard*, 16 Ill. 2d 603, 607-08, 158 N.E.2d 596, 599.

The complaint and summons in the case shows another person, who did not testify, as the arresting officer. The reviewing court can only speculate that the officer did not choose to attend upon the trial. In any event, the record reveals no proof of driving. The judgment of the Circuit Court of Carroll County is therefore reversed.

Judgment reversed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.