THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KENNETH L. HEIMANN, Defendant-Appellant.

Third District    No. 3—85—0291

Opinion filed April 4, 1986.

Robert Agostinelli and Peter A. Carusona, both of State Appellate De-
fender's Office, of Ottawa, for appellant.

David R. Zwicker, State's Attorney, of Aledo (John X. Breslin and Gerald
P. Ursini, both of State's Attorneys Appellate Service Commission, of coun-
sel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Following a bench trial, the defendant, Kenneth L. Heimann,
was convicted of driving under the influence of alcohol (DUI) (Ill.
Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)), and sentenced to 30
days of incarceration in the Mercer County jail. On appeal, the

defendant argues that the State failed to prove beyond a reasonable doubt that he either drove or had actual physical control of a motor vehicle.

The agreed statement of facts set forth the following. On November 30, 1984, the defendant testified that he met Kathy in a tavern. When they later left together between 11 p.m. and midnight, the defendant asked Kathy to drive his automobile, as he was on court supervision for a prior DUI. The defendant made sexual advances toward Kathy while she was driving and caused her to lose control of the automobile and strike a traffic control sign. The car continued down the street and then smashed into a nearby tree. The defendant and Kathy pushed the car back onto the roadway and then attempted to push the car down the road. After only pushing it a short distance, they decided to return to the tavern. The defendant drank to excess and then returned to his auto to remove some personal belongings.

Officer Baird testified that at approximately 2:24 a.m., he saw the defendant unsuccessfully attempting to start his automobile when it was parked on a downhill incline along a street in Matherville. Officer Baird noticed that the defendant emitted a strong alcoholic odor and was unable to walk unassisted. After hearing the defendant speak, and observing his actions, Officer Baird concluded that the defendant was intoxicated. The defendant disputed Officer Baird's testimony.

The front end of the defendant's vehicle was damaged. Officer Baird followed a trail of antifreeze several hundred feet from the auto's leaking radiator to a recently damaged tree. Officer Baird also discovered that paint from a nearby damaged traffic control sign matched paint on the automobile's front bumper. The car was towed and ultimately "junked."

Based on its finding that the intoxicated defendant was behind the wheel attempting to start the car, the court found that the defendant was "in control" of the automobile, and thus guilty of DUI, though not guilty of either improper land usage or leaving the scene of a property damage accident.

An essential element of DUI is that the accused drove or was in actual physical control of a vehicle. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2).) The issue herein is whether the defendant was in physical control of a vehicle. The defendant suggests that his inoperative automobile was not a "vehicle." However, any device which may transport a person is a vehicle. (Ill. Rev. Stat. 1983, ch. 95½, par. 1—217.) The defendant's automobile is clearly distinguishable

from the vehicle described in *People v. Johnson* (1976), 43 Ill. App. 3d 428, 356 N.E.2d 1373. There, a damaged battery cable and a burned-out starter rendered a car, which was partially located in a ditch, inoperative. The evidence in the instant case, on the other hand, did not conclusively establish that the defendant's auto could not be driven. The front end and the radiator were visibly damaged, but the defendant was able to move the auto. Also, the fact that the car was mobile, located on a downhill incline and was moved subsequent to colliding with the tree, leads us to conclude that the vehicle may have been operated or operative simply by coasting. *People v. Vallero* (1985), 134 Ill. App. 3d 919, 481 N.E.2d 297.

The trier of fact determines credibility, weight, and inferences to be drawn from witnesses' testimony. Further, we do not disturb convictions unless the evidence is so unreasonable, improbable or unsatisfactory as to justify reasonable doubt of the defendant's guilt. (*People v. Ahern* (1983), 119 Ill. App. 3d 532, 456 N.E.2d 852.) Actual physical control of a vehicle requires only that one is behind the steering wheel in the driver's seat with the ignition key and physically capable of starting the engine and moving the vehicle. *City of Cincinnati v. Kelley* (1976), 47 Ohio St. 2d 94, 351 N.E.2d 85.

The trial judge determined that the testimony of the officer was more creditable and that the State met its burden of proving actual physical control. The record provides no reason to disturb that finding. Consequently, we find first, that the defendant was in actual physical control of his vehicle, and second, that the evidence was not so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of the defendant's guilt.

Accordingly, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.