THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN KARJALA, Defendant-Appellant.

Third District    No. 3—87—0324

Opinion filed July 21, 1988.

Dana R. McReynolds, of Kewanee, for appellant.

Larry VanDerSnick, of State's Attorney, of Cambridge (Howard R. Wertz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Stephen Karjala was charged with the offense of driving under the influence of alcoholic liquor in violation of section 11—

501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)) after he was discovered asleep behind the steering wheel of his car with the motor running in the municipal parking lot of Galva, Illinois, at 12:20 a.m. on December 11, 1986. The arresting officer testified at the bench trial that he had observed the car with the engine running while on routine patrol and had returned 20 or 30 minutes later to see that it was in the same condition as before. This time he approached the car, saw defendant asleep inside, and opened the door. It is not disputed that defendant was intoxicated. The trial court found that defendant was in actual physical control of the vehicle at the time of his arrest and that he was guilty of the charge. Defendant was sentenced to one year's probation and a fine of $500 plus costs.

On appeal defendant contends that he was not proven guilty beyond a reasonable doubt because there was no evidence that he drove the vehicle. At the trial defendant had testified that he parked in the parking lot about 9 p.m., went to a nearby tavern where he stayed until the 12 midnight closing time, that the bartender agreed to give defendant a ride home, that defendant left the tavern to wait in his car while the bartender closed the tavern, that he started his car to keep warm, and that he did not move the car or have any intention of driving it.

▇▇▇▇ Although the title of the offense charged is taken from the title of the applicable statutory provision, "Driving while under the influence of alcohol," the definition of the crime is somewhat broader:

"(a) A person shall not drive *or be in actual physical control of* any vehicle within this State while:
   * * *

   2. Under the influence of alcohol." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.

This court has held that a defendant need not be shown to have been actually operating a moving vehicle in order to be guilty of this offense. (*People v. Heimann* (1986), 142 Ill. App. 3d 197, 491 N.E.2d 872; *People v. Vallero* (1985), 134 Ill. App. 3d 919, 481 N.E.2d 297; *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) As we said in *People v. Heimann*:

"Actual physical control of a vehicle requires only that one is behind the steering wheel in the driver's seat with the ignition key and physically capable of starting the engine and moving the vehicle." 142 Ill. App. 3d at 199, 491 N.E.2d at 874.

This is not a new principle in Illinois law. In *People v. Chamber-*

*lain* (1972), 5 Ill. App. 3d 235, 282 N.E.2d 784, a conviction of driving while under the influence of intoxicating liquor was sustained where defendant was found unconscious in the driver's seat of a parked car with the motor running. The court held that the evidence was sufficient to warrant a finding that defendant was and had been in actual physical control of the motor vehicle. The same is true in the case at bar.

In *People v. Barlow* (1987), 163 Ill. App. 3d 281, a case involving a summary suspension of defendant's driver's license, the reviewing court ruled that it would be against the manifest weight of the evidence to conclude that defendant was not in actual physical control of his vehicle where he is seated behind the steering wheel of a parked vehicle with keys in the ignition. In a case involving a charge of driving while defendant's driver's license was suspended, *People v. Mattison* (1986), 149 Ill. App. 3d 816, 500 N.E.2d 1103, the court found that the evidence was sufficient to sustain a finding that defendant was in actual physical control of his vehicle where he was alone in a parked car with a key in the ignition trying to start the engine.

■ As the foregoing authorities make clear, defendant's conviction in this case was supported by ample evidence to establish that he was in actual physical control of his vehicle. In fact, he could have begun to drive his car at any moment since he was behind the wheel and the motor was running. The intention of the statute is to protect the public from the danger of intoxicated drivers on the streets and highways of this State, and the accepted interpretation of section 11—501 of the Illinois Vehicle Code, as we have indicated, accomplishes that purpose.

Defendant relies upon two cases that are readily distinguishable on their facts. In *People v. Burkholder* (1977), 47 Ill. App. 3d 334, 362 N.E.2d 42, the reviewing court reversed a conviction for driving while intoxicated for lack of evidence of driving. In fact, there was no evidence to connect the defendant to a vehicle at all since the only evidence was the reading of a breathalyzer test. In *People v. Toler* (1975), 32 Ill. App. 3d 793, 336 N.E.2d 270, the defendant was found in the backseat of a car which had been traveling on a highway a short time before and was convicted of driving while intoxicated. The reviewing court stated that one of the indispensable elements of the offense was that defendant drove the car. The defendant's conviction was upheld with a finding that the circumstantial evidence was sufficient to convict since no one else was seen leaving or near the car after it stopped and while the officer ap-

proached it. In neither of these cases was the question of defendant's actual physical control of the vehicle raised.

The judgment of the circuit court of Henry County is affirmed.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.