THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES McGEE, Defendant-Appellant.

First District (2nd Division)   No. 1—93—0975

Opinion filed December 13, 1994.

McCORMICK, J., dissenting.

Rita A. Fry, Public Defender, of Chicago (Carol J. Milder, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Michael T. O'Malley, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:
Following a bench trial, defendant Charles McGee was convicted of driving under the influence of alcohol and sentenced to conditional discharge with a 90-day sentence stayed until December 8, 1993, to be vacated on that date conditioned upon attendance and successful completion of an alcohol program. On appeal defendant contends the record does not show an adequate jury waiver, and the circuit court erred in allowing the arresting officer to testify to prior acts of domestic battery and drunkenness on the part of defendant.[1]

The trial was held on March 8, 1993. Prior to testimony, the following was asked:

"THE COURT: Did you ever give me a jury waiver?
[Defense counsel]: Yes. We tendered it earlier, signed in open court."

The record contains a jury waiver which, except for a signature purporting to be that of defendant, is blank. The half-sheet reflects court dates of April 10, 1992, May 14, 1992, July 21, 1992, August 21, 1992, September 24, 1992, October 28, 1992, January 6, 1993, February 2, 1993, and March 8, 1993. On October 28, 1992, the half-sheet reflects a jury demand.

At trial, Cook County sheriff's police officer Farahat Levy testified that at about 1 a.m. on March 21, 1992, he responded to a call concerning a loud crash in the parking lot at 1514 Silver Lane in Palatine, Illinois. Levy got there at 1:05 a.m. and saw a car with its back end in a deep ditch and its front end pointing straight up. A tube-steel and chain-link fence was immediately behind the ditch. The

---

[1]The dissent raises questions concerning the sufficiency of the evidence, an issue not raised on appeal. In considering the issue pursuant to plain error principles, we conclude, as defendant implicitly did by not addressing the issue, that it has no merit.

area around where the car was located was paved, and the area around the ditch was grassy. There were about 150 feet of skid marks on the paved area which led to the ditch. The posted speed limit on this road was five miles per hour.

A short time after Levy began his investigation, defendant approached. Officers Caldrone and Beville were also present. Levy asked defendant if it was his car and if he had been driving it, and defendant responded affirmatively to both questions. Levy also noticed a strong odor of alcoholic beverages on defendant's breath. Defendant said that he was not injured, and Levy did not notice any injuries at that time.

Levy testified that beside the strong odor of alcoholic beverages, defendant was stumbling and swaying, his speech was slurred, and he refused to take field-sobriety tests. It was Levy's opinion that defendant was under the influence of alcohol, so he arrested him and transported him to the police station. As defendant walked, he was swaying, loud, and verbally abusive. Levy read defendant the warnings to motorists and defendant said he understood them.

On cross-examination, defense counsel asked, "[p]rior to the date of 3-21 had you had prior contact with Mr. McGee?" Officer Levy stated that he had several contacts with defendant, and when asked if defendant had ever filed a complaint against him, he answered that he had. Levy never saw defendant drive the car and did not match the skid marks to the tires of the automobile in the ditch.

On redirect examination, Officer Levy testified that the prior contacts he had with defendant were generally domestic batteries, and it was Levy's opinion that on these occasions defendant was under the influence of alcohol. On those occasions, defendant's demeanor was the same as on the night of the occurrence. Defense counsel's objection to this line of questioning was overruled on the basis that he had initiated the inquiry by asking about prior contact.

The court found defendant guilty.

Defendant first argues that his signed but otherwise blank jury waiver by itself cannot constitute a knowing and understanding jury waiver where nothing in the record indicates that he was ever personally admonished of his statutory and constitutional right to a jury trial.

Following the filing of defendant's brief, the State filed a supplemental record which contains additional reports of proceedings for March 8, 1993. On that date, prior to trial, defendant was apprised that his appointed attorney was ill and defendant was asked what he wanted to do. The following exchange occurred:

"THE COURT: The problem is after I got that mixed message I

released my jury, because there were 3 other courtrooms that needed them this morning. I'm going to hold this on call day today until we get [an assistant public defender who was ill] back in here. See you tomorrow morning at 9:00 o'clock. I'm going [to] try [to] get it over with for you.

[Defense counsel]: Judge, we're predisposed to disposing of this this afternoon. Would your Honor consider possibly a bench trial after lunch?

THE COURT: If you want to have a trial in front of the court without a jury.

THE DEFENDANT: I would rather get it over with today.

THE COURT: You have an absolute right to have a jury trial.

THE DEFENDANT: I don't have car fare to keep coming back, you say, day-to-day.

THE COURT: If you wish to have a trial in front [of] me without a jury, I will let you do that, but you want [to] do it that way?

THE DEFENDANT: Yeah.

THE COURT: Is anybody forcing you to do that?

THE DEFENDANT: No.

THE COURT: Do you know what a jury trial is?

THE DEFENDANT: Yeah.

THE COURT: You want me to decide whether you're guilty or not guilty and not have 12 people sitting in the jury box?

THE DEFENDANT: Yes.

[Defense counsel]: I will have him execute a jury waiver in open court.

\* \* \*

[Defense counsel]: May I approach your Honor? Tender a jury waiver in open court."

■ Section 103—6 of the Code of Criminal Procedure of 1963 states:

"Every person accused of an offense shall have the right to a trial by jury unless \*\*\* understandingly waived by defendant in open court \*\*\*." (725 ILCS 5/103—6 (West 1992).)

The determination of whether a jury waiver was effective, *i.e.*, whether an accused knowingly and understandingly waived his or her right to a jury trial, is based upon the facts and circumstances of each particular case and not upon the application of any set formula. (*People v. Frey* (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195.) The record here establishes that defendant knew the difference between a bench trial and a jury trial and voluntarily chose the former.

Defendant next argues that he was deprived of his right to a fair trial when the circuit court allowed the arresting officer to testify as to prior contacts with defendant regarding domestic battery while defendant was under the influence of alcohol.

As a general rule, evidence of other offenses which are separate and distinct from the crime for which a defendant is on trial is inadmissible. Such evidence may be admissible, however, if it is relevant for other purposes, such as to show intent, motive, *modus operandi*, identity, or absence of mistake. (*People v. Medina* (1993), 239 Ill. App. 3d 871, 879, 607 N.E.2d 619.) Another exception to the general rule allows evidence of other offenses to be admitted where the evidence is procured, invited, or acquiesced to by the defendant. (*People v. Goodman* (1982), 109 Ill. App. 3d 203, 212, 440 N.E.2d 345.) The trial judge must weigh the probative value of other-crimes evidence against its prejudicial effect and may exclude the evidence if its prejudicial effect substantially outweighs its probative value. (*People v. Tellez* (1992), 235 Ill. App. 3d 542, 554, 601 N.E.2d 1284.) An appellate court will not reverse a circuit court's decision to admit evidence of other crimes unless the circuit court abused its discretion admitting such evidence. *People v. Brozan* (1987), 163 Ill. App. 3d 73, 80, 517 N.E.2d 285, *appeal denied* (1987), 116 Ill. 2d 564, 515 N.E.2d 114.

■ In this case, we find no abuse of discretion. It is clear that defense counsel was attempting to establish a motive to lie on the part of Officer Levy because of some prior contact with defendant which caused defendant to file a complaint against him. Once defendant opened the door to prior dealings, the State was permitted to delve into those dealings.

The circuit court also stated that it was not considering the evidence except to show the officer's ability to tell if defendant was intoxicated. We do not think this was improper. Where, as here, a trial takes place before a judge rather than a jury, it is presumed that the judge considered only admissible evidence in reaching his or her conclusion, and a defendant seeking reversal bears the burden of showing on appeal that improper evidence influenced the court. (*People v. Mytnik* (1978), 66 Ill. App. 3d 624, 626-27, 384 N.E.2d 435, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 305, 100 S. Ct. 291.) Given the evidence in this case, we do not believe there was any showing of undue influence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, J., concurs.

JUSTICE McCORMICK, dissenting:

I note that defendant raised the issue of sufficiency of the State's evidence in the trial court, but failed to raise this issue on appeal. In this case, there is no evidence that defendant was under the influence of alcohol at the time he drove the automobile. No reasonable trial strategy supports the omission of this issue on appeal. The State failed to prove an essential element of the offense and we should not permit the judgment of conviction to stand. The law is well settled that "plain errors affecting substantial rights of the accused may be considered by this court notwithstanding the fact that they were raised neither in the trial court nor in the appeal." *People v. Baltimore* (1972), 7 Ill. App. 3d 633, 645, 288 N.E.2d 240, citing *People v. Donohoe* (1917), 279 Ill. 411, 414, 117 N.E. 105; see also *People v. Payne* (1990), 194 Ill. App. 3d 238, 247, 550 N.E.2d 1214.

The evidence presented at trial demonstrates that the State failed to prove defendant guilty of driving under the influence beyond a reasonable doubt. The law of the State is that "[a] person shall not drive or be in actual physical control of any vehicle within this State while [he is] under the influence of alcohol." (625 ILCS 5/11—501(a)(2) (West 1992).) The offense has two elements: (1) the person must be driving a vehicle and (2) he must be intoxicated while driving. (*People v. Call* (1988), 176 Ill. App. 3d 571, 575, 531 N.E.2d 451.) However, the *act* of driving is not an "indispensable prerequisite" to conviction (*Call*, 176 Ill. App. 3d at 576), and a defendant may be convicted of DUI if it is shown that he was in "actual physical control" of the vehicle while under the influence of alcohol (*People v. Karjala* (1988), 172 Ill. App. 3d 871, 872, 526 N.E.2d 926). A conviction for DUI under these circumstances "requires only that one is behind the steering wheel in the driver's seat with the ignition key and physically capable of starting the engine and moving the vehicle." *People v. Davis* (1990), 205 Ill. App. 3d 431, 436, 562 N.E.2d 1152; *Karjala*, 172 Ill. App. 3d at 872, quoting *People v. Heimann* (1986), 142 Ill. App. 3d 197, 199, 491 N.E.2d 872.

In the instant case, the State failed to show, by direct or circumstantial evidence, that defendant was driving while under the influence (see *Call*, 176 Ill. App. 3d at 575-76; *People v. Jendrzejak* (1968), 98 Ill. App. 2d 313, 318, 240 N.E.2d 239) or that he was in actual physical control of the vehicle (see *People v. Niemiro* (1993), 256 Ill. App. 3d 904, 908-10, 628 N.E.2d 212; *Davis*, 205 Ill. App. 3d at 435-36; *Karjala*, 172 Ill. App. 3d at 872-73; *Heimann*, 142 Ill. App. 3d at 198-99). Defendant was nowhere near the automobile when the police arrived. When he did appear on the scene "a short time" after Levy arrived and had conducted an initial investigation, defendant, intoxicated, stated that the automobile was his and that he had been

driving it. If we give full credence to defendant's statements for the sake of argument, there is no admission that, while driving, defendant was under the influence of alcohol.

Moreover, in Illinois the *corpus delicti* of a charged offense cannot be proved solely by a defendant's admission. There must be independent evidence which tends to corroborate the admission of the offense. (*People v. Foster* (1985), 138 Ill. App. 3d 44, 46, 485 N.E.2d 603; see also *Call*, 176 Ill. App. 3d at 576-77.) Here, there was no independent evidence corroborating defendant's admission. The only facts presented by the State were: (1) the police received a radio communication at 1 a.m. that a loud crash had been reported; (2) the police arrived at the scene five minutes later and found an automobile in a ditch; (3) defendant admitted to the police that he owned the vehicle and had been driving it; (4) the vehicle had been involved in an accident; and (5) defendant was intoxicated at the time he spoke with the officers. From these facts the trial court inferred that: (a) defendant drove the automobile sometime between 1 and 1:30 a.m.; (b) defendant was driving the automobile when it skidded and entered the ditch; (c) defendant was under the influence of alcohol at that time; (d) defendant could not control the automobile because he was under the influence of alcohol; and (e) the loud crash reported by the dispatcher was caused by the automobile in the ditch. However, as defense counsel argued at trial, there was simply no evidence to show what time the accident actually occurred or how long the car had been there, much less what time defendant left the scene or how much time had elapsed before his return. In response to these arguments, the trial court stated that defense counsel raised some "very interesting and provocative" questions. These questions were more than "interesting" and "provocative." They were integral and necessary to the State's case in proving defendant guilty beyond a reasonable doubt of driving while under the influence; the State should not be allowed to obtain a conviction based on mere conjecture and supposition. (See *People v. Wells* (1968), 103 Ill. App. 2d 128, 130-31, 243 N.E.2d 427 (defendant's conviction for DUI reversed where defendant left the scene of an accident, walked home and consumed five glasses of liquor and the State failed to present evidence to the contrary, *i.e.*, that defendant was intoxicated at the time and place of the accident).) There simply were no actual facts or reasonable inferences to support the trial court's finding that defendant drove the car at the time and place in question while under the influence of alcohol.

Additionally, the testimony about the reported loud crash was hearsay and should not have been considered by the trial court as

substantive evidence. Hearsay is an out-of-court statement offered to establish the truth of the matter therein and resting for its value on the credibility of the out-of-court asserter. (*People v. Lee* (1986), 151 Ill. App. 3d 510, 525, 502 N.E.2d 399.) A police radio communication is admissible if it is used for the limited purpose of explaining the reason and manner in which the police conducted their investigation. (*People v. Louisville* (1992), 241 Ill. App. 3d 772, 781, 609 N.E.2d 682; *People v. Palmer* (1989), 188 Ill. App. 3d 414, 423, 545 N.E.2d 743.) Here, Levy testified that at approximately 1 a.m. he received a radio communication from a dispatcher that someone reported hearing a loud crash in the area where defendant's vehicle was found. The trial court characterized this testimony about the radio communication as "unrebutted, uncontradicted" evidence that "other than the automobile being present at the scene in a ditch, through a fence, there was nothing else that I heard in evidence that could have caused a loud crash." Accordingly, the radio communication was not used to explain the reason and manner in which Levy conducted his investigation. Rather, it was used as substantive evidence of the time and place of the accident. For this purpose, the police radio communication was hearsay and should not have been considered by the trial court.

Based on the record before us, I would reverse the conviction.